OPINION
{¶ 1} Daniel Richard, individually and in his capacity as executor of the estate of Donna Richard, deceased; Jack Richard, individually, and in his capacity as parent and next friend of Jeff and Kyle Richard, minors; Michael Richard, individually and in his capacity as parent and next friend of Melody and Harmony Richard, minors; Mark Richard; Todd Richard; and Jeremy Richard; appeal a judgment of the Franklin County Court of Common Pleas: (1) granting in part and denying in part appellants' motion for summary judgment on their claims against defendants-appellees, Nationwide Mutual Insurance Company (a.k.a. Nationwide Insurance Enterprise) ("Nationwide"), Erie Insurance Company ("Erie"), and Globe American Casualty Company ("Globe"); (2) granting in part and denying in part Nationwide's motion for summary judgment; (3) granting Erie's motion for summary judgment; and (4) granting in part and denying in part Globe's motion for summary judgment. Nationwide has also filed a cross-appeal, appealing the trial court's judgment. We sua sponte stayed the proceedings in this appeal pending the determination of Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, which was under consideration by the Ohio Supreme Court. As that case has been decided, we now lift the stay.
 {¶ 2} On November 8, 1998, Donna Richard was a passenger in an automobile operated by Jean Linton. Linton lost control of the vehicle, and Donna sustained injuries from which she died three days later. Donna was survived by her husband, Daniel, her sons, Jack, Michael, and Mark, and several grandchildren, Jeff, Kyle, Todd, Melody, Harmony, and Jeremy.
 {¶ 3} At the time of the accident, various automobile insurance policies were in effect. Linton was covered by two policies of automobile liability insurance from Nationwide and American Fire Casualty ("American"). The estate of Donna Richard settled with Nationwide and American under these policies. Further, Daniel was covered by an automobile liability policy issued by Nationwide. Mark was covered by an automobile liability policy issued by Globe. Todd was covered by an automobile liability policy issued by Nationwide. Jack was covered by an automobile liability policy issued by Progressive. Michael was covered by an automobile liability policy issued by Nationwide.
 {¶ 4} At the time of the accident, there were also various homeowners' insurance policies in effect. Daniel had a homeowner's insurance policy issued by Nationwide. Donna's surviving children and grandchildren were each covered by separate homeowner's liability insurance policies as follows: Jack, Jeff and Kyle were covered under a homeowner's policy with Erie; Michael, Melody, and Harmony had a homeowner's policy through Nationwide; and Mark and Jeremy were also covered under a Nationwide homeowner's policy.
 {¶ 5} On July 1, 1999, appellants filed an action against various insurance divisions of Nationwide, Progressive, Erie, Globe, and Jean Linton, claiming survivorship and wrongful death damages against Jean, and declaratory judgment seeking a determination as to the existence of underinsurance coverage against Nationwide, Progressive, Erie, and Globe. On July 8, 1999, appellants filed an amended complaint amending the count against Linton to a claim against Beverly Blake, executor of the estate of Jean Linton ("Blake"), who had also died. On June 12, 2000, Daniel filed an action against Nationwide for a determination of underinsured motorist coverage arising from his homeowner's insurance policy. On June 26, 2000, appellants' claims against Progressive were dismissed. On May 10, 2001, Blake and American were dismissed as a result of settlement. The two cases were consolidated on June 26, 2001.
 {¶ 6} With regard to the automobile policies, the primary issue identified by the trial court was the amount of uninsured/underinsured ("UIM") coverage after R.C. 3937.18 setoffs for "amounts available for payment." Another issue was whether the derivative claims of Donna's surviving family members were consolidated into a single claim that was subject to the policies' "per-person" coverage limits or whether some or all of such family members had distinct claims that extended into the policies' "per-occurrence" coverage limits. With regard to the claims for UIM coverage under the homeowners' policies, the primary issue was whether UIM coverage was included in the policies as a matter of law.
 {¶ 7} The parties filed cross-motions for summary judgment on various issues, and on January 17, 2002, the trial court issued a judgment finding that uninsured motorist coverage did not arise by operation of law under the homeowners' insurance policies issued by Nationwide and Erie. With regard to the automobile policies, the trial court found: (1) the language in the Globe policy purporting to limit UIM coverage in such a way that such coverage only arises when the insureds themselves suffer bodily injury is invalid and unenforceable; (2) the UIM coverage in the Globe policy may only be reduced or setoff by amounts actually received by those insureds out of the $75,000 tendered to appellants by Nationwide and American under the liability coverages of those insurers' respective policies; (3) the language in the Globe policy is unambiguous and effectively provides that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the "per-person" limit of liability, and the claims of the insured are thus consolidated into a single claim that is subject to the policy's "per-person" coverage limit of $12,500; (4) the UIM coverage under the Nationwide policy may only be reduced or setoff by amounts actually received by those insureds out of the $75,000 tendered to appellants by Nationwide and American under the liability coverages of those insurers' respective policies; and (5) the language in the Nationwide policy purporting to consolidate all derivative claims into a single claim that is subject to the policy's "per-person" limit of liability is ambiguous, and thus each of the insureds under the policy has a separate and distinct UIM claim subject to the policy's "per-person" coverage limits of $50,000.
 {¶ 8} Appellants filed an appeal of the trial court's judgment rendered in both actions below. Nationwide and Globe also filed cross-appeals. On February 22, 2002, we granted appellants' motion to consolidate the appeals. On July 26, 2002, Mark, Jeremy, and Globe were dismissed as parties to the appeal due to settlement. Appellants assert the following assignment of error with regard to the homeowners' policies issued by Erie and Nationwide:
 {¶ 9} "The trial court erred in granting summary judgment to Defendants-Appellees Nationwide Insurance Enterprise and Erie Insurance Company and holding that uninsured and underinsured motorist coverage does not arise by operation of law under the Appellees' policies even though 1) the policies provide liability coverage for bodily injury caused by automobile accidents and 2) Nationwide and Erie failed to offer uninsured motorists coverage when they sold their respective policies."
 {¶ 10} Nationwide asserts the following assignment of error in its cross-appeal with regard to the automobile policy issued to Michael, Melody, and Harmony Richard:
 {¶ 11} "The trial court erred in holding that Defendant, Nationwide Insurance Enterprise's, automobile policy language does not unambiguously subject all derivative claims to the policy's `per person' limit of coverage."
 {¶ 12} Appellants argue in their assignment of error the trial court erred in granting summary judgment to Erie and Nationwide. Pursuant to Civ. R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
 {¶ 13} The Ohio Supreme Court recently held in Hillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411, 2002-Ohio-6662, that the limited liability coverage that may arise under the "residence-employee" exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy. Therefore, the "residence-employee" coverage in appellants' homeowners' policies issued by Nationwide and Erie does not create UIM coverage by operation of law. Thus, appellants' assignment of error is overruled.
 {¶ 14} Nationwide asserts in its cross-appeal the trial court erred in holding that Nationwide's automobile policy language does not unambiguously subject all derivative claims to the policy's "per-person" limit of coverage. Nationwide asserts that both the trial court and appellants (Michael, Melody, and Harmony, for purposes of this cross-appeal) misinterpret our holding in Nicolini-Brownfield v. Eigensee (Sept. 16, 1999), Franklin App. No. 98AP-1243.
 {¶ 15} The automobile insurance policy issued by Nationwide to Michael Richard provided UM/UIM coverage in the amount of $50,000 per person and $100,000 per accident. The policy provided, in pertinent part:
 {¶ 16} "LIMITS OF PAYMENT
 {¶ 17} "AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES
 {¶ 18} "We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:
 {¶ 19} "1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.
 {¶ 20} "The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.
 {¶ 21} "Subject to this per-person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims arising out of bodily injury, including death, to two or more persons as a result of one occurrence."
 {¶ 22} In Nicolini-Brownfield, there was a $100,000 per-person limit and a $300,000 per-accident limit. We analyzed the same language as in the present case, and found that:
 {¶ 23} "The provisions above do not, as appellant-Nationwide contends, clearly and unambiguously state that all derivative claims are consolidated into a single claim. Rather, the provisions can reasonably be construed to mean simply that the $100,000 per-person limit for bodily injury claims applies to `anyone,' including `anyone' who brings a derivative claim and that no separate limits are available to anyone for such derivative claims. In other words, under the above provision, `anyone' who brings a derivative claim under the policy is limited to the $100,000 per-person limit and is not entitled to a different or separate limit. It would be going against the plain language of the provision to conclude that it consolidates all derivative claims into a single claim subject to the per-person limit. The provision simply does not so state.
 {¶ 24} "We also note that contrary to appellant-Nationwide's assertion, former R.C. 3937.18(H) does not require that automobile insurance policies contain uninsured/underinsured motorist provisions that consolidate derivative claims into single claims. Rather, former R.C. 3937.18(H) merely states that such provisions may include such language. As this court has concluded above, the provision at issue here did not include such language. In addition, former R.C. 3937.18(H) did not legislatively overrule Holt v. Grange Mut. Cas. Co. (1997),79 Ohio St.3d 401, 683 N.E.2d 1080, which stated that a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured/underinsured motorist provisions of the decedent's insurance policy if the wrongful death claimant is not a named insured under the policy. Id.
 {¶ 25} "Given this and the fact that the provision must be construed strictly against appellant-Nationwide and in favor of appellants, we conclude that each of the plaintiffs-appellants has a separate claim under the uninsured/underinsured motorist provision, subject to the per-person limit. As such, the trial court correctly concluded that pursuant to R.C. 3937.18(A)(2), appellant-Nationwide could set off from such limit that amount actually available for payment to each individual beneficiary from the tortfeasors." (Emphasis sic.)
 {¶ 26} Appellants claim, and the trial court found, that pursuant to our decision in Nicolini-Brownfield, they are each entitled to separate claims up to the $50,000 per-person limit, and are collectively limited to the $100,000 per-accident limit. Nationwide agrees that Michael, Melody, and Harmony are each entitled to separate claims up to the $50,000 per-person limit, but argues that the trial court erred in finding that their claims are not collectively limited to the same $50,000 per-person limit, because the policy language unambiguously provides that the per-person limit is the total amount available when one person sustains bodily injury or death, and only Donna Richard died.
 {¶ 27} In Saunders v. Mortensen, Erie App. No. E-02-008, 2002-Ohio-6244, the Sixth District Court of Appeals interpreted identical language in a Nationwide policy and found that it set up an ambiguity as to whether the policy allowed one unified $100,000 per-person limit or three separate per-person $100,000 limits for a total of $300,000. The court of appeals held that the ambiguity had to be construed in favor of the insureds and found that it must follow this court's interpretation in Nicolini-Brownfield. The court then concluded that the separate per-person limits were collectively limited to the per-occurrence limit. The court in Saunders found its decision and our decision in Nicolini-Brownfield conflicted with the decisions in Carroll v. Allstate Ins. Co., 148 Ohio App.3d 413, 421, 2002-Ohio-3074; Powers v. Nationwide Mut. Fire Ins. Co. (Dec. 6, 1999), Mahoning App. No. 97 CA 219; Izev v. Nationwide Mut. Ins. Co. (Nov. 17, 1999), Medina App. No. 2865-M; and Brown v. Saliba (June 28, 2000), Noble App. No. 264, and certified the conflict to the Ohio Supreme Court.
 {¶ 28} In Carroll, although the Fifth District Court of Appeals disagreed with this court's decision in Nicolini-Brownfield, its discussion of the case contradicts Nationwide's present claim that the trial court misinterpreted Nicolini-Brownfield when it found that the Nationwide policy collectively limits the total for all separate derivative claims to the per-accident limit. In Carroll, the trial court relied upon Nicolini-Brownfield and concluded that the language in Nationwide's policy did not limit all derivative claims for wrongful death to a single split-limit, but merely limited each individual derivative claim to a single split-limit. Id., at ¶ 43. The court of appeals, citing Brown, supra, and Izev, supra, disagreed with our decision in Nicolini-Brownfield and found that Nationwide's UIM language clearly and unambiguously limited all derivative claims for the wrongful death of the decedent to the single per-person limit as permitted by R.C. 3937.18(H), rather than the per-accident limit. Id., at ¶¶ 43-50.
 {¶ 29} This court has also recognized our decision in Nicolini-Brownfield as standing for the proposition that such language in Nationwide's policy entitles each derivative claim to a separate claim up to the per-person limit and collectively limits the total for all derivative claims to the per-accident limit. In Webb v. Progressive Ins. Co. (Nov. 1, 2001), Franklin App. No. 01AP-534, the decedent's automobile policy had UIM coverage of $25,000 per person and $50,000 per accident. The decedent's estate contended that the language in its policy should be construed consistent with that in Nicolini-Brownfield "to mean that the per person limit (which is $25,000) applies to each insured person and that each insured person has a $25,000 limit (subject to the per accident limit)." (Emphasis sic.) However, we found that the language used in Webb was different than that in Nicolini-Brownfield, explaining that in Webb "the $25,000 limit of liability includes the total of all claims made and all claims derived from the bodily injury. Hence, this language cannot be read to conclude, as we did in Nicolini-Brownfield, that the $25,000 limit is available to any claimant separately." (Emphasis sic.)
 {¶ 30} In Colter v. Smith (Dec. 13, 2001), Franklin App. No. 01AP-856, the decedent's insurance policy provided UIM coverage for $100,000 per person and $300,000 per accident. Claiming the policy was ambiguous, and citing Nicolini-Brownfield, the plaintiff asserted that each of the decedent's next-of-kin was entitled to $100,000 and that all of the next-of-kin could collectively recover up to the $300,000 per-accident limit. As in the present case, the insurer contended its policy limited all claims arising out of the death of one person to the $100,000 per-person limit. We found that the policy in Colter was not ambiguous, as was the policy in Nicolini-Brownfield, and limited liability to $100,000 for "all" damages to any "persons," as opposed to "anyone" in Nicolini-Brownfield, regardless of the number of claims made. Although the policy language in both Colter and Webb was different than that in Nicolini-Brownfield, it is clear from the context and discussion in Colter and Webb that Nicolini-Brownfield stands for the proposition that, when construing the policy language at issue in the present case, the claimants are each entitled to separate claims up to the per-person limit, and are collectively limited to the per-accident limit.
 {¶ 31} Therefore, based upon the same reasoning in Nicolini-Brownfield, in which we interpreted the identical policy language in a Nationwide policy, each of the appellants are entitled to separate claims up to the $50,000 per-person limit, and are collectively limited to the $100,000 per-accident limit contained in the Nationwide policy. Therefore, Nationwide's cross-assignment of error is overruled.
 {¶ 32} Accordingly, appellants' assignment of error is overruled, and Nationwide's cross-assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.